IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| EMERIDA PARAS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LLOYD J. AUSTIN III,<br><br>　　　　Defendant. | Civil No. 24-00268 MWJS-WRP<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT |

**ORDER GRANTING APPLICATION TO PROCEED
IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

On July 2, 2024, pro se Plaintiff Emerida Paras filed a Title VII complaint against her employer.  ECF No. 1.  Paras also applied to proceed in forma pauperis (IFP), that is, without prepayment of fees or security.  ECF No. 2.  In considering such an application, the Court must ensure, among other things, that the complaint states a claim upon which relief could be granted.

Because Paras has sufficiently demonstrated that she is unable to pay court fees, the Court GRANTS her IFP application.  In its current form, however, her complaint fails to state a claim for relief.  The Court therefore DISMISSES the complaint.  Paras is granted leave to amend the complaint but must do so by August 14, 2024.

## DISCUSSION

**A.      Paras's In Forma Pauperis Application**

Under 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by persons who submit an affidavit demonstrating an inability to pay.  Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), but they must "allege poverty with some particularity, definiteness and certainty," *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (cleaned up).  An affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life."  *Id.* (citing *Adkins*, 335 U.S. at 339).

The Court finds that Paras has made the required showing of an inability to pay under § 1915(a).  In her IFP application, Paras says that she has no income of any kind.  Her expenses, on the other hand, total around $3,800 a month, including for housing, utilities, and transportation.  Her only item of value is a vehicle worth around $3,000.  And while she has some savings, Paras also has credit card debt that significantly outweighs those funds.

Based on the information Paras provided, the Court finds that Paras has demonstrated that she is currently unable to pay court fees while still affording the necessities of life.  The Court therefore GRANTS Paras's IFP application.

**B.    Screening of Paras's Complaint**

Because Paras asks to proceed in forma pauperis, the Court must also screen her complaint.  28 U.S.C. § 1915(e).  Paras is a pro se litigant, and so the Court liberally construes her pleadings.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  But the Court is nonetheless required to dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

1.  In her complaint, Paras, who is Filipino, alleges that she was discriminated against based on her race and national origin during her employment with the U.S. Department of Defense.  As alleged in her complaint, her supervisors continuously belittled, harassed, and bullied her.  And she was treated differently from other non-Filipino employees.  In a group text, for example, a supervisor asked her if she was going to cook her dog to bring to an upcoming work potluck.

Paras filed an Equal Employment Opportunity (EEO) complaint.  But as alleged, the harassment only intensified.  Paras's workload was increased, and her colleagues were told not to help.  In addition, Paras was not given the same leave benefits as other non-Filipino employees.  Paras tried to transfer to another work location, but her supervisors tried to "blackball" her "by telling a subordinate not to hire" her.  ECF No. 1, at PageID.3.  Paras was ultimately terminated, without

being given a performance improvement plan or another opportunity to prove herself.  After seeking some administrative recourse,[1] Paras brought this suit against the Secretary of Defense, Lloyd J. Austin III.

2.  Dismissal is required because Paras's complaint fails to state a claim upon which relief can be granted.  In evaluating whether a complaint fails to state a valid claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.  *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013).  Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

Paras's complaint appears to assert Title VII claims for race discrimination, retaliation, and a hostile work environment.  The Court assesses each in turn.

---

[1]      At this screening stage, the Court does not decide whether Paras has exhausted her administrative remedies as required before filing a Title VII claim in federal court.  *See Crow v. Wormuth*, 74 F.4th 1011, 1023-24 (9th Cir. 2023).  Paras, however, should consider alleging exhaustion in any amended complaint.

First, consider the race discrimination claim.  To set forth a prima facie case of race discrimination under Title VII, an employee must allege that they (1) are a member of a protected class, (2) performed their job adequately, (3) suffered an adverse employment action, and (4) were treated differently from other similarly situated employees not a member of their protected class.  *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

Here, Paras alleges that she is Filipino and that she was treated differently from non-Filipino employees.  But she does not allege that she performed her job adequately, as required.  Nor does Paras sufficiently allege that she suffered an adverse employment action because of her race.  Although Paras alleges that she was required to take leave without pay whereas other non-Filipino employees were provided sick leave, she does not offer any detail about the leave discrepancy:  she does not, for example, explain under what specific circumstances she was denied sick leave, or under what circumstances other employees were permitted to take sick leave.  Paras alleges other adverse employment actions, like her increased workload and termination, but the complaint appears only to allege that they were taken as retaliation—not because of Paras's race.  The complaint, as currently written, therefore fails to state a claim for race discrimination.

Second, Paras asserts a retaliation claim.  A prima facie case of retaliation under Title VII requires (1) engagement in a protected activity, (2) an adverse

employment action, and (3) a causal link between the two.  *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Paras alleges that she filed an EEO complaint, a protected activity.  And she says that as retaliation, her supervisors increased their harassment of her, increased her workload, sought to undermine her attempt to transfer to another location, and ultimately terminated her.  At least some of those actions, if true, may certainly constitute adverse employment actions.  *See, e.g.*, *id.* at 1243-45 (decrease in workload constituted adverse employment action).  But again, the allegations are largely conclusory.  Paras does not provide details about how much her workload increased or the circumstances of her transfer request.  Moreover, Paras does not allege facts to support her conclusion that the adverse employment actions were caused by her protected activity:  she does not, for example, allege how much time passed between filing the initial EEO complaint and the adverse actions.  *See id.* at 1244 ("[Causation] may be inferred from proximity in time between the protected action and the allegedly retaliatory employment decision." (internal quotation marks omitted)).  In sum, Paras has not provided sufficient factual allegations to state a claim for retaliation.

Third, Paras asserts a hostile work environment claim.  To establish a prima facie hostile work environment claim, Paras must allege that "(1) the defendants subjected her to verbal or physical conduct based on her race; (2) the conduct was

6

unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). "Repeated derogatory or humiliating statements . . . can constitute a hostile work environment." *Ray*, 217 F.3d at 1245. But isolated comments—even when offensive—do not rise to that level. *See, e.g.*, *Manatt v. Bank of Am., NA*, 339 F.3d 792, 798-99 (9th Cir. 2003) (offhanded comments, isolated ridicule, and a gesture that "mock[ed] the appearance of Asians" did not alter the conditions of the plaintiff's employment).

Paras alleges troubling conduct on the part of her former employer, but her allegations, in current form, are not sufficient to state a claim. Paras alleges that her supervisor asked her if she was going to cook her dog for a company potluck because she was Filipino. That comment is highly inappropriate, but standing alone, it does not rise to the level of the frequency or severity required to state a plausible hostile work environment claim. And while Paras makes additional allegations that her employer subjected her to other harassment, belittlement, and bullying, the complaint does not provide details about that conduct, let alone enough detail to conclude that conduct was based on her race.

Because Paras has not alleged sufficient facts to state a plausible claim for relief, her complaint is DISMISSED without prejudice.

### C.      Leave to Amend the Complaint

Although the Court dismisses the complaint, it recognizes that Paras is proceeding pro se and may be able to cure the deficiencies.  Accordingly, the Court dismisses the complaint without prejudice and grants Paras leave to amend.  *See Watison*, 668 F.3d at 1117.

Any amended complaint—which should be titled "First Amended Complaint"—must be filed by August 14, 2024, and it must allege facts that make out a plausible claim for relief.  Paras is cautioned that failing to timely file an amended complaint that addresses the identified deficiencies will result in the automatic dismissal of this action.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS the in forma pauperis application and DISMISSES the complaint.

If electing to file an amended complaint, Paras must comply with the following requirements:

(1)      Paras's deadline to file an amended complaint is August 14, 2024;

(2)      Paras's amended complaint should be titled "First Amended Complaint"; and

(3)      Paras's complaint should cure the deficiencies identified above.

Failure to timely file an amended complaint that conforms with this Order will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  July 15, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 24-00268 MWJS-WRP; *Paras v. Austin*; ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT

9