IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| EMERIDA PARAS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LLOYD J. AUSTIN, III,<br><br>　　　　　Defendant. | Civil No. 24-00268 MWJS-WRP<br><br>ORDER DIRECTING SERVICE OF THE FIRST AMENDED COMPLAINT |

## INTRODUCTION

Before the Court is pro se Plaintiff Emerida Paras' First Amended Complaint (FAC), in which she sues her former employer under Title VII. ECF No. 9. Paras is proceeding in forma pauperis—that is, without prepayment of fees and costs, *see* ECF No. 6—and so the Court is required to screen her complaint, *see* 28 U.S.C. § 1915(e). Because Paras' initial complaint did not state a claim upon which relief could be granted, the Court dismissed it, but it gave Paras an opportunity to cure the deficiencies. *See* ECF No. 6.

Paras has successfully cured the complaint's deficiencies, and her claims of race discrimination, retaliation, and a hostile work environment now pass screening. The FAC is therefore the operative pleading, and the Court DIRECTS service of the FAC as laid out at the end of this Order.

## **DISCUSSION**

Paras is a pro se litigant, and so the Court liberally construes her pleadings. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, the Court examines the FAC in its entirety to determine whether it passes screening. *See Cobb v. JPMorgan Chase Bank, N.A.*, No. C 12-01372, 2012 WL 533530, at *4 n.9 (N.D. Cal. Oct. 26, 2012). The Court must nonetheless dismiss claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In evaluating whether a complaint fails to state a valid claim for screening purposes, courts generally apply the pleading standards in Rule 8 of the Federal Rules of Civil Procedure.[1] *See Watison*, 668 F.3d at 1112; *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). Under Rule 8, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To show an entitlement to relief, however, it is not enough for a complaint to allege "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[1] The Court's screening is done without the benefit of adversarial briefing, and does not preclude a defendant from later seeking dismissal of the complaint under Rule 12(b)(6). *See Norsworthy v. Beard,* 87 F. Supp. 3d 1104, 1111 n.4 (N.D. Cal. 2015).

544, 555 (2007). Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The FAC asserts three Title VII claims: race discrimination, retaliation, and a hostile work environment. The Court considers the sufficiency of each in turn.

### A. Racial Discrimination

Paras's first claim is that she was discriminated against based on her race during her employment at Tripler Army Medical Center. The FAC's factual allegations now suffice to state a claim for racial discrimination for the purposes of this Court's screening.

To show a prima facie case of race discrimination under Title VII, an employee must allege that they (1) are a member of a protected class, (2) performed their job adequately, (3) suffered an adverse employment action, and (4) were treated differently from other similarly situated employees not a member of their protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

Here, the FAC alleges that Paras is Filipino and that she was treated differently from non-Filipino employees. It alleges that throughout her career, Paras demonstrated successful job performance. And it now alleges that Paras suffered adverse employment actions because of her race. For one, the FAC alleges that following a leadership transition in her department, in late 2022 and

3

early 2023, Paras was denied the same leave benefits as other non-Filipino employees. In one instance, Paras alleges that she was marked as absent without leave (AWOL)—a designation that remains on her record to this day—whereas under similar circumstances, other non-Filipino employees were not marked as such. ECF No. 9, at PageID.33. In denying her request, her supervisor allegedly said that "you people have to be taught a lesson," a comment Paras understood to be referring to her race. *Id.* In another instance, Paras' doctor's note was rejected as being from "some Filipino doctor," and she was denied leave, while other non-Filipino employees' similar leave requests were approved. *Id.* at PageID.33-34. In addition, the FAC separately alleges that Paras was terminated despite her successful job performance, whereas other non-Filipino employees were not terminated unless they were involved in serious misconduct or had extended poor performance.

Because the FAC sets forth factual allegations to support each element of race discrimination, that claim survives screening at this stage.

    **B.**    **Retaliation**

The FAC also asserts a claim for retaliation. Paras has offered additional factual allegations about her retaliation claim, and the FAC now passes screening on that claim, too.

A prima facie case of retaliation under Title VII requires (1) engagement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

Here, Paras alleges that in April 2023, she filed an Equal Employment Opportunity (EEO) complaint, a protected activity. She says that the following month, in May 2023, she was required to complete a "Demonstration Project" as retaliation for filing her complaint. ECF No. 9, at PageID.33-34. While completing the project, she was not allowed to speak with peers or ask for clarification or assistance, and she was marked down for not processing lab slides—even though the processing machines were not working at the time. *Id.* at PageID.34. In July 2023, she then applied for another job, but alleges that her supervisor told the hiring manager not to hire her. And soon after, in August 2023, Paras was ultimately terminated. Unwarranted poor performance ratings, unfavorable references, and termination are all classic examples of adverse employment actions. *See, e.g.*, *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir. 1987) ("[U]ndeserved performance ratings, if proven, would constitute 'adverse employment decisions.'"); *Hashimoto v. Dalton,* 118 F.3d 671, 676 (9th Cir. 1997) (dissemination of an unfavorable job reference constituted an adverse employment action). In addition, the short timeline between filing the EEO complaint and the alleged retaliatory actions provides the causal link between the two. *See Ray*, 217

F.3d at 1244 ("[Causation] may be inferred from proximity in time between the protected action and the allegedly retaliatory employment decision." (internal quotation marks omitted)).  The FAC therefore states a claim for retaliation under Title VII, and it survives screening on that point.

### C.  Hostile Work Environment

Finally, the FAC asserts a hostile work environment claim.  This claim, too, survives at this stage.

To establish a prima facie hostile work environment claim, Paras must allege that "(1) the defendant[] subjected her to verbal or physical conduct based on her race; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).  Isolated comments—even when offensive—do not rise to that level. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798-99 (9th Cir. 2003).  "Repeated derogatory or humiliating statements, however, can constitute a hostile work environment."  *Ray*, 217 F.3d at 1245.

The FAC now contains sufficient factual allegations to state a plausible hostile work environment claim.  Like the original complaint, the FAC again alleges that a supervisor asked Paras if she was going to cook her dog because she was Filipino.  And while that comment standing alone may not rise to the level of

6

frequency or severity required to state a plausible hostile work environment claim, Paras has now alleged that she was subjected to an array of other conduct based on her race.  As just a few examples, the new leadership in her office allegedly constantly questioned her credentials and said they must be from "out of the country," even though they are from stateside.  ECF No. 9-1, at PageID.36.  And as explained above, her supervisors denied her leave and charged her with AWOL, all while making comments about her race.  Taken together, that conduct may be sufficiently severe or pervasive to alter the conditions of her employment and create a hostile work environment.

Accordingly, the hostile work environment claim, too, shall be permitted to proceed.

## CONCLUSION

For the foregoing reasons, the FAC, ECF No. 9, has survived screening, and is now the operative complaint in this action.

## SERVICE ORDER

Accordingly, the Court DIRECTS service of the First Amended Complaint, ECF No. 9, as follows:

(1)   The Clerk is directed to send a copy of this Order to the United States Marshal at P.O. Box 50184, Honolulu, HI 96850.

(2)   The Clerk is directed to send Paras:  four copies of the First Amended

Complaint, ECF No. 9; three completed summonses; and three USM-285 forms. The Clerk is further directed to send Paras an instruction sheet.

(3)   Paras shall complete the forms as directed and submit all of the documents to the U.S. Marshal in Honolulu, Hawaiʻi. The mailing address for the United States Attorney's Office for the District of Hawaiʻi is 300 Ala Moana Boulevard, #6-100, Honolulu, HI 96850. The mailing address for the United States Attorney General is U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530. The mailing address for Lloyd J. Austin III, Secretary of Defense, is 1000 Defense Pentagon, Washington, DC 20301.

(4)   Upon receipt of these documents, the U.S. Marshal shall deliver a copy of the First Amended Complaint and completed summons to the United States Attorney for the District of Hawaiʻi, the Attorney General of the United States, and United States Secretary of Defense Lloyd J. Austin, III as directed by Paras pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

(5)   Alternatively, if Paras does not wish to use the services of the U.S. Marshal in effecting service of the First Amended Complaint and summons as outlined above, she may serve Defendant on her own in accordance with the procedures set forth in Rule 4 of the Federal Rules of Civil Procedure. Paras is cautioned that if she fails to comply with this Order and her non-compliance

prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

(6)     Once served, Defendant shall file an answer or responsive pleading to the First Amended Complaint within the time set forth in Rule 12 of the Federal Rules of Civil Procedure.

(7)     After the First Amended Complaint is served and Defendant has filed an answer or responsive pleading, all further documents submitted to the Court will be deemed served when they are electronically filed in this Court.  The U.S. Marshal is not responsible for serving these documents on Paras' behalf.

(8)     Paras shall inform the Court of any change of address by filing a "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information about the change of address and its effective date and shall not include any other requests for relief.  Failure to file a notice may result in the dismissal of the action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  September 24, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 24-00268 MWJS-WRP; *Paras v. Austin*; ORDER DIRECTING SERVICE OF THE FIRST AMENDED COMPLAINT