IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| EMERIDA PARAS,<br><br>   Plaintiff,<br><br>  vs.<br><br>PETE HEGSETH, U.S. Secretary of Defense,[1]<br><br>   Defendant. | Civil No. 24-00268 MWJS-WRP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT |

**INTRODUCTION**

  Plaintiff Emerida Paras is a former civilian employee of the U.S. Department of Defense.  In July 2024, she filed a Title VII suit for alleged discrimination based on race and national origin, a hostile work environment, and retaliation.  But a few months earlier—in April 2024—she had entered into a global settlement agreement with the Department of Defense, agreeing to release all claims that predated the settlement.

  Based on the parties' settlement, Defendant Pete Hegseth, in his capacity as the U.S. Secretary of Defense, filed a motion to dismiss, or in the alternative, for summary judgment.  Because Paras had previously agreed to release her claims that predate the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Pete Hegseth was automatically substituted as the defendant in this action upon his appointment as the U.S. Secretary of Defense.

parties' settlement, her claims are barred, and the court must GRANT Defendant's motion.

The court notes, however, that in her briefing, Paras casts serious allegations that the Department of Defense has failed to carry out its end of the settlement agreement, that her former supervisor is engaged in ongoing retaliation, and that her former counsel (who apparently represented her for the settlement, but who has not made an appearance in this court) has failed to return her excess prepaid attorneys' fees.  To the extent that Paras has new claims against either Defendant or her own counsel that are not barred by her prior settlement, she is free to pursue them, in the proper venue.  But because the only claims asserted in this case are barred by the settlement, the court DISMISSES them with prejudice.

## BACKGROUND

Paras alleges that for nearly two decades, she worked in a pathology lab at Tripler Army Medical Center.  Dkt. No. 9, at PageID.33.  In or around 2022, however, there was a transition in leadership in the lab.  *Id.* at PageID.33-34.  Paras's new supervisors belittled, harassed, and bullied her.  *Id.*  Paras is Filipino, and her supervisors treated her differently from other non-Filipino employees; on one occasion, for example, her supervisor asked if she was going to cook her dog for a company potluck.  *Id.* at PageID.36, 38.  She filed an Equal Employment Opportunity (EEO) complaint, but her mistreatment only worsened.  *Id.* at PageID.33-34.  She was denied

2

certain leave benefits, her workload was increased, and she began receiving poor performance reviews. *Id.* Ultimately, in September 2023, Paras was terminated. *Id.* at PageID.33, 36-38. Paras appealed her termination to the Merit Systems Protection Board (MSPB), an agency that exists to protect the federal merit system. *See* Dkt. No. 34-9.

Paras then filed this lawsuit in July 2024, alleging that she was discriminated against based on her race and national origin, subjected to a hostile work environment, and retaliated against in violation of Title VII. Dkt. No. 1. The court screened Paras' initial complaint and dismissed it with leave to amend for failure to state a claim, *see* Dkt. No. 6; Paras filed a first amended complaint curing the identified deficiencies in August 2024, *see* Dkt. No. 9. The court thereafter directed service of the amended complaint. Dkt. No. 12.

After receiving notice of Paras' lawsuit, Defendant filed a motion to dismiss, or in the alternative, for summary judgment. Dkt. No. 33. Unbeknownst to the court, Paras had previously entered into a settlement agreement with Defendant (via the Defense Health Agency, a subcomponent of the Department of Defense) in April 2024. *See* Dkt. No. 34-9. Although she is proceeding pro se before this court, Paras had a legal representative for the purposes of that settlement. *Id.* at PageID.195.

In the agreement, Paras expressly agreed to release all claims against the Defense Health Agency that arose from facts predating the effective date of the settlement agreement, including those raised in her EEO complaint and those appealed to the

3

MSPB.  *Id.* at PageID.191-92.  In exchange, the Defense Health Agency agreed:  (1) to pay $45,000 in attorneys' fees; (2) to expunge Paras's employment record to reflect that she voluntarily resigned (rather than was terminated) and to remove any references to unsatisfactory performance; (3) to change an hour of Paras' leave time from "Absent Without Leave" to "Leave Without Pay"; (4) to provide a neutral reference letter to Paras; and (5) to give Paras "priority consideration" if it sought to fill a specified position within six months from the date of the agreement.  *Id.* at PageID.190-91.

An Administrative Judge for the MSPB reviewed the settlement agreement and entered it into the record.  *See* Dkt. No. 34-10.  The Administrative Judge found that the agreement was "lawful on its face," that "it was freely reached by the parties," and that "the parties underst[oo]d its terms."  *Id.* at PageID.204.  As a result, the MSPB dismissed Paras' appeal of her termination.  *Id.* at PageID.204-05; *see also* Dkt. No. 34-11, at PageID.216 (dismissal of EEO complaint).  The dismissal decision indicates that if any party "believe[s] there has not been full compliance with the terms of the agreement," they may ask the MSPB to enforce the agreement by promptly filing a petition with that office.  Dkt. No. 34-10, at PageID.205.

The court elects to decide Defendant's motion on the briefs as authorized by Local Rule 7.1(c).

//

//

## **LEGAL STANDARD**

Defendant's motion is styled as a motion to dismiss the first amended complaint, or in the alternative, for summary judgment. Dkt. No. 33. A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Summary judgment, in contrast, is warranted where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If they make that showing, the burden then shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (cleaned up). The burden on the nonmoving party is not a heavy one, *Dark v. Curry County*, 451 F.3d 1078, 1082 n.2 (9th Cir. 2006), and the court must draw all reasonable inferences in their favor, *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 631-32 (9th Cir. 1987). But where a reasonable jury could not find in favor of the nonmoving party, summary judgment must follow. *See id.*

Ordinarily, "a court may look only at the face of the complaint to decide a motion to dismiss," unlike for a summary judgment motion. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). An exception exists for a limited set of evidence: exhibits attached to the complaint, documents incorporated by reference, and matters properly subject to judicial notice, all of which the court may also consider. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). To consider evidence outside of this closed universe, however, a court must convert a motion to dismiss to a motion for summary judgment. *See Jinkins v. Temecula Towne Ctr. Assocs., LLC*, No. EDCV 18-2281, 2019 WL 1652086, at *2 (C.D. Cal. Feb. 15, 2019).

Together with his motion, Defendant submitted various exhibits for the court's consideration. *See* Dkt. No. 34 (Def.'s Concise Statement of the Facts). The court takes judicial notice of the filings in the MSPB record, including the settlement agreement itself. *See Singh v. U.S. Postal Serv.*, No. 17-cv-02211, 2017 WL 11471761, at *4 n.3 (N.D. Oct. 10, 2017). And because the court concludes that these documents are sufficient to dispose of this case, it resolves Defendant's motion on 12(b)(6) grounds.[2]

---

[2] Summary judgment under Rule 56 would also be warranted for the same reasons.

## DISCUSSION

1.  Generally, where a plaintiff has entered into a binding settlement agreement releasing claims, they cannot later hale a defendant into court to defend against those same claims.  In this case, Paras does not dispute that she entered into the April 2024 global settlement agreement that was accepted by the Administrative Judge and incorporated into the MSPB record.  She does not dispute that the agreement is valid and enforceable.  And she does not argue that the claims raised in her first amended complaint fall outside the scope of the settlement agreement.  *See* Dkt. Nos. 36 & 39.

On its own review of the documents, the court agrees with Defendant that the claims Paras asserts in this case are barred by the parties' settlement agreement.  The agreement provides that Paras agreed to "release, waive, and withdraw, and forever dismiss her appeal at the [MSPB] . . . and her EEOC complaint . . . and any and all other pending, formal and/or informal claims, grievances, appeals, civil actions, complaints, or other employment concerns of any kind against [the Defense Health Agency] which have been filed . . . *based upon any facts that predate the effective date of this Agreement*."  Dkt. No. 34-9, at PageID.192 (emphasis added).  All of the facts alleged in Paras' first amended complaint—including the alleged unlawful discrimination, hostile work environment, and retaliation—occurred prior to that settlement.  *See* Dkt. No. 9.  And the first amended complaint involves the same basic set of facts as those that the parties previously settled.  The court therefore concludes that Paras' complaint is barred by the

parties' earlier settlement agreement.  *Accord Jinkins*, 2019 WL 1652086, at *3-4 (granting summary judgment in favor of the defendant where the plaintiff had already released his claims in an earlier settlement agreement, and the plaintiff did not dispute the agreement's validity and enforceability).

    2.  The court notes, however, that in her briefing on Defendant's motion to dismiss, Paras raises other matters of grave concern.  For one, Paras suggests that the Defense Health Agency failed to hold up its end of the bargain:  it failed to timely issue her a new personnel form to remove any references to her termination.  Dkt. No. 36, at PageID.218.  According to Paras, this has already impacted her ability to obtain another job, and although she raised the issue with the agency, it did not correct her records in a timely manner.  *Id.*  Second, Paras asserts that her former supervisor has continued to retaliate against her, even past the date of the settlement agreement.  *Id.*  When she interviewed with a new prospective employer, for example, the supervisor allegedly told the interviewer that they should not hire her and that she was not a good employee.  *Id.*  Finally, Paras suggests that she has not received "any portion of the settlement" payment that she was expecting.  *Id.*  The entirety of the $45,000 payment from the agency went to her lawyers, even though she had already paid $17,500 in out-of-pocket attorneys' fees.  *Id.*  And although Paras' former counsel allegedly told her that the initial $17,500 would be refunded after the settlement, according to Paras, the firm has not returned any money.  *Id.* at PageID.219.

8

To the extent that Defendant has failed to hold up its end of the bargained-for settlement, Paras is free to seek enforcement of the settlement agreement's terms. As Defendant points out, the MSPB's dismissal decision indicates that if any party "believe[s] there has not been full compliance with the terms of the agreement," they may ask the MSPB to enforce the agreement by promptly filing a petition with that office. Dkt. No. 34-10, at PageID.205. Seeking enforcement with the MSPB may well be an appropriate first step. Another option, Defendant suggests, might be to file suit for breach of contract in the Court of Federal Claims.[3] Dkt. No. 37, at PageID.222 n.1 (citing *Cunningham v. United States*, 748 F.3d 1172, 1174, 1177-79 (Fed. Cir. 2014)). But unfair as it may seem, Paras cannot obtain relief by simply relitigating her previously released claims.

Similarly, Paras' briefs suggest that she may wish to bring a new lawsuit against Defendant for ongoing retaliation or against her former counsel for the unreturned attorneys' fees. Any such claims would not be barred by the settlement agreement: the new retaliation claims are based on alleged facts that arose after April 2024, and any claim against Paras' former counsel would not be covered by the settlement agreement because it would not be a claim against the Secretary of Defense. The court therefore makes no decisions on the viability of those claims at this time.

---

[3] Defendant suggests that only the MSPB and the Court of Federal Claims would have jurisdiction over any new claims of this sort, and not this court. Dkt. No. 37, at PageID.222 n.1. The court does not pass judgment on that issue at this time.

But because the claims asserted in the first amended complaint are barred by the parties' preexisting settlement agreement, the court must GRANT Defendant's motion to dismiss the first amended complaint, or in the alternative, for summary judgment. The first amended complaint is DISMISSED with prejudice.

3. As a general rule, leave to amend must be freely given where justice so requires. Fed. R. Civ. P. 15(a)(2). Dismissal without leave to amend is appropriate, however, where amendment would be futile or there is a repeated failure to cure deficiencies by amendments previously allowed. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). Here, the court earlier granted Paras leave to amend her initial complaint. But based on Defendant's motion to dismiss, it is now clear that Paras cannot cure the legal deficiency of the prior settlement's bar on her claims.

Paras is not barred from bringing any future lawsuit, including, potentially, a lawsuit based on the new facts she lays out in her briefing.[4] But because any such claims are wholly distinct from those alleged in her initial and first amended complaint, which were based solely on pre-April 2024 conduct covered by the settlement agreement, further leave to amend is DENIED.

//

//

---

[4] As the court noted in its first screening order, exhaustion of administrative remedies is generally required before filing any Title VII claim in federal court. *See* Dkt. No. 6, at PageID.20 (citing *Crow v. Wormuth*, 74 F.4th 1011, 1023-24 (9th Cir. 2023)).

# CONCLUSION

Given the serious conduct alleged, Paras understandably seeks her day in court. She may well get that day in the future based on Defendant's alleged breach of the settlement agreement, her former supervisor's alleged ongoing retaliation, or her former counsel's alleged failure to return overpaid attorneys' fees. But she cannot get it based on claims that she has already released in a settlement agreement. Because the first amended complaint is based solely on claims previously settled, the court GRANTS Defendant's motion to dismiss, or in the alternative, for summary judgment. Dkt. No. 33. The first amended complaint is DISMISSED with prejudice and leave to amend those claims is DENIED as futile. The Clerk is DIRECTED to enter judgment and to close this case.

IT IS SO ORDERED.

DATED: September 19, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 24-00268 MWJS-WRP; *Emerida Paras v. Pete Hegseth*; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT